Shaun Setareh (SBN 204514)
shaun@setarhlaw.com
Tuvia Korobkin (SBN 268066)
tuvia@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

Attorneys for Plaintiff,
DEBRA SHORT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
### (*UNLIMITED JURISDICTION*)

| | |
|---|---|
| DEBRA SHORT, on behalf of herself, all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>WALGREEN CO., an Illinois corporation; WALGREEN NATIONAL CORPORATION, an Illinois corporation; and DOES 1-50, inclusive,<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1197, and 1198);<br>2. Failure to Pay Overtime Wages (Lab. Code §§ 223, 510, 1194, 1197, and 1198)<br>3. Failure to Indemnify (Lab. Code § 2802);<br>4. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>5. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>6. Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

*Short v. Walgreen Co., et al.*            Class Action Complaint

Plaintiff, DEBRA SHORT (hereafter "Plaintiff"), on behalf of herself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against defendant WALGREEN CO., an Illinois corporation; WALGREEN NATIONAL CORPORATION, an Illinois corporation; and the other defendants (collectively "Defendants") for alleged violations of the California Labor Code, California Business & Professions Code, and the Fair Labor Standards Act. As set forth below, Plaintiff alleges that Defendants have failed to pay them wages, including but not limited to minmum and overtime wages for all hours worked, failed to reimburse them for all necessary business expenses, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged violations, Plaintiff now brings this class action to recover unpaid wages, restitution, and related relief on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331. This case is brought as a class action under Rule 23 of the Federal Rules of Civil Procedure.

2. Venue is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and at least one of the Defendants resides within this judicial district.

## PARTIES

**A.  Plaintiff**

5. Plaintiff worked for Defendants in California as a non-exempt pharmacist from approximately September 1997 to approximately April 2012.

**B.  Defendants**

6. Defendant WALGREEN CO. is an Illinois corporation authorized to do business in California.

7. Defendant WALGREEN NATIONAL CORPORATION is an Illinois corporation authorized to do business in California.

///

8. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

9. Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

10. This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11. **California Relevant Time Period**: The California Relevant Time Period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

12. **FLSA Relevant Time Period**: The FLSA Relevant Time Period is defined as the time period beginning three years prior to the filing of this action until judgment is entered.

13. The class and subclass members are defined as follows:

**California Pharmacist Training Time Class:** All persons who are or were employed by Defendants as pharmacists in California and who were required to attend classes to become Pharmacist Immunizers and/or to become CPR certified during the **California Relevant Time Period**.

**FLSA Pharmacist Training Time Class:** All persons who are or were employed by Defendants as pharmacists in the United States and who were required to attend classes to become Pharmacist Immunizers and/or to become CPR certified during the **FLSA Relevant Time Period**.

///

**Uniform Class**: All persons who are or were employed by Defendants in California as pharmacists or pharmacy technicians during the **California Rlevant Time Period**.

**Waiting Time Penalties Class**: All **California Pharmacist Training Time Class** and **Uniform Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **California Pharmacist Training Time Class** and **Uniform Class** members employed by Defendants in California during the **California Relevant Time Period**.

14. **Reservation of Rights:** Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

15. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California and Federal law.

16. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

   A. Have Defendants violated section 3 of the Wage Order and Labor Code sections 510 and 1194 by failing to pay wages, including minimum wages and/or overtime wages, to **California Pharmacist Training Time Class** members who performed work at home related to their training?

   B. Have Defendants violated 29 U.S.C. § 201, *et seq.* by failing to pay wages, including minimum wages and/or overtime wages, to **FLSA Pharmacist Training Time Class** members who performed work at home related to their training?

   C. Have Defendants violated section 3 of the Wage Order and Labor Code sections 510 and 1194 by failing to pay wages, including minimum

wages and/or overtime wages, to **Uniform Class** members for the time maintaining their uniforms?

D. Have Defendants failed to reimburse **Uniform Class** members for all necessary business expenses incurred during the discharge of their duties?

E. Are **UCL Class** members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

17. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the California Labor Code, the California Business and Professions Code, and the Fair Labor Standards Act ("FLSA"), as alleged herein.

18. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

19. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to seek and obtain relief. A class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. A class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY HOURLY WAGES

(Lab. Code §§ 223, 510, 1194, 1197, and 1198)

(By Plaintiff, , California Pharmacist Training Time Class, and Uniform Class)

21. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

22. At all relevant times, Plaintiff and **California Pharmacist Training Time Class** and **Uniform Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Order.

23. Section 2 of the Wage Order defines "hours worked" as "the time during which the employee is suffered or permitted to work, whether or not required to do so."

24. Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therin for all hours worked, which consist of all hours that and employer has actual or constructive knowledge that employees are working.

25. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

26. Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

27. Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a pay period.

28. Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

29. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

30. Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

31. Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

32. Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

33. Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

34. Plaintiff is informed and believes that at all relevant times, Defendants have applied centrally devised policies and practices to her and **California Pharmacist Training Time Class** and **Uniform Class** members with respect to working conditions and compensation arrangements.

*Uniform Maintenance*

35. Section 9 of the Wage Order states, "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

36. If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement takes the position that the employer must pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate ($8.00 per hour as of January 1, 2008, and $9.00 per hour as of

July 1, 2014) in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniforms.

37. At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the Wage Order, Defendants failed to compensate Plaintiff with minimum wage for all hours she worked as a result of its failures to maintain employee uniforms and/or pay her a weekly maintenance allowance.

38. Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, Defendants failed to compensate **Uniform Class** members with minimum wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

39. During the relevant time period, Defendants failed to pay Plaintiff and the **Uniform Class** members all earned wages every pay period at the correct rates because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Uniform Class** members to perform work off-the-clock, specifically with regard to the time required to clean their company-required uniforms.

### *Training Homework Time*

40. During the relevant time period, Defendants failed to pay Plaintiff and **California Pharmacist Training Time Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **California Pharmacist Training Time Class** members to perform off-the-clock work. This off-the-clock work included performing required at-home work related to the training that **California Pharmacist Training Time Class** members were required by Defendants to undergo to become CPR certified and/or to become Pharmacist Immunizers.

41. As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

7

*Short v. Walgreen Co., et al.*                                                                            Class Action Complaint

42. Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of herself and **California Pharmacist Training Time Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

43. As a result of Defendants' unlawful conduct, Plaintiff, **California Pharmacist Training Time Class**, and **Uniform Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including minimum wages and overtime wages.

44. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **California Pharmacist Training Time Class** and **Uniform Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (Plaintiff Only)

45. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

46. At all relevant times, Plaintiff was a non-exempt employee of Defendants entitled to the full protections of the Labor Code and the Wage Order.

47. Section 2 of the Wage Order defines "hours worked" as "the time during which the employee is suffered or permitted to work, whether or not required to do so."

48. Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therin for all hours worked, which consist of all hours that and employer has actual or constructive knowledge that employees are working.

49. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

50. Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

51. Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a pay period.

52. Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

53. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

54. Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

55. Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

56. Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

### *Working Seven (7) or More Days In a Row*

57. Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

///

58. Labor Code § 551 provides that every person employed in any occupation of labor is entitled to one day's rest therefrom in seven.

59. Labor Code § 552 provides that no employer shall cause its employees to work more than six days in seven.

60. Labor Code § 852 requires employers to provide employees with one day of rest in each week.

61. Defendants routinely required Plaintiff to work 7 or more days in a row without being paid at one and one half times her regular hourly pay rate for each hour up to eight (8) hours per day on the seventh day of work and beyond, and double time as to all hours over eight (8).

62. Defendants failed to fully compensate Plaintiff for all overtime wages she earned, in particular, by failing to compensate her the premium pay required by California law when she worked seven (7) or more days in a row.

63. Plaintiff is informed, believes, and based thereon alleges that the failure of Defendants to fully compensate Plaintiff for overtime work was willful, purposeful, and unlawful and done in accordance with the centrally devised policies and practices of Defendants' operations.

**THIRD CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802)**

**(By Plaintiff and Uniform Class)**

64. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

65. In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

///

*Uniforms*

66. Pursuant to Labor Code § 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form, and make of uniforms required to be worn by their employees.

67. Section 9 of the Wage Order states, "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

68. At relevant times during the applicable limitations period, Defendants required Plaintiff and **Uniform Class** members to purchase and maintain uniforms and apparel unique to Defendants at the expense of Plaintiff and **Uniform Class** members. Defendants failed to indemnify Plaintiff and the members of the **Uniform Class** for such expenditures.

69. As a result of their reimbursement policies and practices, Plaintiff is informed and believes and based thereon alleges that Defendants failed to reimburse her and **Uniform Class** members for all necessary business expenses.

70. By reason of the above, Plaintiff and **Uniform Class** members are entitled to restitution for all unpaid amounts due and owing within four (4) years of the date of the filing of this Complaint until the date of entry of judgment.

71. Plaintiff, on behalf of herself and the members of the Pharmacist Class, seeks interest thereon pursuant to California Labor Code §§ 218.6 and 2802, costs pursuant to California Labor Code §§ 218.6 and 2802, and reasonable attorneys' fees pursuant to California Labor Code § 2802 and California Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

(Lab. Code §§ 201-203)

(Plaintiff and Waiting Time Penalties Class)

72. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

73. At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

74. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

75. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

76. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

77. During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with Labor Code § 201 by failing to timely pay her all of her final wages, including but not limited to earned and unpaid straight time and overtime wages.

78. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

79. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages, including, but not limited to, earned and unpaid staright time and overtime wages.

80. Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to her and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

81. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their

final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

82. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (Bus. & Prof. Code §§ 17200, *et seq.*)
## (By Plaintiff and UCL Class)

83. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

84. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

85. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

86. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

Plaintiff and the **UCL Class** reallege and incorporate by reference the FIRST, SECOND, and THIRD causes of action herein.

87. Plaintiff lost money or property as a result of the aforementioned unfair competition.

88. Defendants have, or may have, acquired money by means of unfair competition.

89. Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

90. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to pay non-exempt employee for all hours worked, failing to reimburse them for all expenses, and requiring non-exempt employees to work more than six days in a row.

91. Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages, including minimum and overtime wages.

### *Relief Sought*

92. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

93. As a result of Defendants' violations of the Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

94. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

95. Due to unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained competitive advantage over comparable companies doing business in California that comply with their legal obligations under the Labor Code.

96. Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of herself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

97. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED
## IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
## (29 U.S.C. § 201, *et seq.*)

### (Plaintiff and FLSA Pharmacist Training Time Class)

98. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

99. At all material times herein, Plaintiff, all **FLSA Pharmacist Training Time Class** members who submit Consents to Become Party Plaintiffs, and and all similarly situated **FLSA Pharmacist Training Time Class** members are or were employed by Defendants and engaged in providing services necessary to Defendant's operations, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

100. The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

101. At all material times, the time spent by **FLSA Pharmacist Training Time Class** members performing at-home work related to training to become CPR certified and/or to become Pharmacist Immunizers, was necessarily and directly related to the principal activities of the pharmacist's duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

102. At all material times herein, Defendants have violated the FLSA by failing to compensate **FLSA Pharmacist Training Time Class** members for their time spent performing at-home work related to CPR training and Pharmacist Immunizers required by Defendants.

103. At all material times herein, Defendants have violated the FLSA by failing to pay **FLSA Pharmacist Training Time Class** at their regular rates of pay, and/or at one-and-one-half (1.5) times the regular rate of pay when such at-home work time causes a pharmacist's total

hours worked to exceed forty (40) hours in a week.

104. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by **FLSA Pharmacist Training Time Class** members. 29 U.S.C. § 211(c).

105. Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all pharmacists employed by Defendants.

106. Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

107. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

108. As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

    A. An order that the action be certified as a class action;

    B. An order that Plaintiff be appointed class representative;

    C. An order that counsel for Plaintiff be appointed class counsel;

    D. Unpaid Wages;

    E. Unreimbursed Expenses;

F.   Actual Damages;

G.   Liquidated Damages;

H.   Restitution;

I.   Declaratory Relief;

J.   Pre-judgment interest;

K.   Statutory penalties;

L.   Costs of suit;

M.   Reasonable attorneys' fees; and

N.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: August 14, 2014

SETAREH LAW GROUP

BY _____
SHAUN SETAREH
Attorneys for Plaintiff,
DEBRA SHORT